IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. 22-MJ-0992 CG

RICK JAMES URQUIDES,

    Defendant.

### AMENDED SUMMARY ORDER OF DETENTION

This matter comes before the Court on the United States' motion for revocation of the release order entered by Chief Magistrate Judge Garza (Motion). (Docs. 7, 14). Defendant Rick James Urquides, by and through his attorney, opposed the Motion. (Doc. 16). The parties presented oral argument at a remote (Zoom) hearing on August 1, 2022. Having reviewed Judge Garza's release decision *de novo*, pursuant to 18 U.S.C. § 3145(a), the Court finds the Motion is well-taken, finds by a preponderance of the evidence that Mr. Urquides is a flight risk and by clear and convincing evidence that he is a danger to the community, and hereby orders him detained pending trial.

The Court reviews the Magistrate Judge's detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Put another way, the Court must independently evaluate the factors identified in 18 U.S.C. § 3142(g), and determine whether the United States has shown, either, by clear and convincing evidence that the Defendant poses a danger to the community, or by a preponderance of the evidence that the Defendant poses a flight risk, and that no condition or combination of conditions will reasonably mitigate these

concerns. *Cisneros*, 328 F.3d at 616. In making this determination, the Court considers the following:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Mr. Urquides was arrested on June 11, 2022, and subsequently charged with possession with intent to distribute 5.5 kilograms of a mixture and substance containing methamphetamine and 456.7 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Therefore, the presumption for detention applies. 18 U.S.C. § 3142(e)(3)(A).

As further explained on the record at the hearing, having considered the briefs, argument of counsel, the Pretrial Services Report (Doc. 5), and the proffer of the United States, the Court finds that the nature and circumstances of the charged offense together with the substantial weight of the evidence counsel in favor of detention.

As to Mr. Urquides' history and personal characteristics, he has a significant charging history, but no apparent history of convictions. (Doc. 5). His living conditions appear to be unstable, he is reasonably healthy mentally and physically, and he maintains substantial family and community ties. The Court acknowledges that his sister agreed to serve as a third-party custodian and was approved by Pretrial Services. However, he also has a history of weapons use and charges involving domestic violence. While this factor is marginal, it weighs slightly in favor of detention.

The final factor turns on the nature and seriousness of the danger posed to any person or the community by the defendant's release. 18 U.S.C. § 3142(g)(4). The United States presented no evidence, and made no argument, suggesting that Mr. Urquides poses a danger to any specific person. However, the quantity of drugs involved and the presence of firearms at the scene raises grave concern for the community. Drug trafficking "threaten[s] to cause grave harm to society." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991). The Court agrees that the combination of drug trafficking and firearms puts the entire community at risk, and the incentive to persist in the drug trafficking trade can be overwhelming, even in light of pending charges.

For these reasons, the Court finds by a preponderance of the evidence that Mr. Urquides is a flight risk, and by clear and convincing evidence that he is a danger to the community. Furthermore, no condition or combination of conditions exist to reasonably assure Mr. Urquides' appearance for court proceedings and the safety of the community.

For these reasons, Mr. Urquides is committed to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Mr. Urquides will be afforded reasonable opportunity for private consultation with his attorney. 18

U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Mr. Urquides is confined will deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.  18 U.S.C. § 3142(i)(4).

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE